**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

JAIME LUEVANO, #1655791,

    Petitioner,

v.

WARDEN COFFIELD UNIT,

    Respondent.

§
§
§
§
§
§
§
§
§
§
§

Case No. 6:26-cv-88-JDK-KNM

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jaime Luevano, a Texas Department of Criminal Justice prisoner proceeding pro se, filed a pleading on a habeas corpus form in the United States District Court for the Southern District of Ohio without paying a filing fee.  The case was transferred to this Court for venue and referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 11, 2026, the Magistrate Judge issued a Report finding the petition to be frivolous and recommending that it be dismissed as barred by monetary sanctions and filing bars previously imposed against Petitioner.  Docket No. 5.  The Magistrate Judge further recommended that the Court bar Petitioner from filing any further pro se pleading of any sort in this Court.  *Id.* at 4–5.  Petitioner filed a "Petition for Objection."  Docket No. 7.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation.

1

28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In addition to finding that Petitioner's habeas claim is frivolous, the Magistrate Judge recommends dismissal because Petitioner has failed to satisfy at least $650 in sanctions imposed for past frivolous and abusive litigation and is consequently barred from further filings until those sanctions are paid.  Docket No. 5 at 1–2.  Petitioner's objection is largely incoherent and, to the extent that it raises any substantive issues, it concerns prison conditions rather than asserting any claim that would sound in habeas.  A writ of habeas corpus is an extraordinary remedy available to a prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner does not raise such a claim, nor does he dispute the Report's findings that he is barred by unpaid sanctions from filing this case.  *See Luevano v. Securus Techs.*, No. H-25-5153 (S.D. Tex. Nov. 5, 2025) (collecting cases and observing that Petitioner "is precluded from filing lawsuits without prior approval in all four districts of the Texas federal courts until all sanctions have been paid").  Accordingly, dismissal of this action is appropriate.

Petitioner does not specifically object to the limitation recommended by the Magistrate Judge on his ability to file future pleadings.  As basis for the restriction, the Magistrate Judge observed that Petitioner has been undeterred by multiple

2

monetary sanctions and continues to seek new ways to circumvent the bars against his filings, including filing this case in another state and under an apparently false name.  There is no apparent reason the proposed restriction would be particularly onerous or unjust, particularly in light of the Magistrate Judge's observation that Petitioner's habeas challenge to his state conviction was concluded years ago in another court, and Petitioner's ineligibility for mandatory supervised release makes any viable challenge to a disciplinary punishment unlikely.  Docket No. 5 at 4.

A district court "retains the inherent authority to curb abusive litigation." *Roy v. Ass'n Comm. to Elect Rev Dr. Kamal K. Roy*, No. 3-08-CV-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008); *see also In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (explaining that courts retain "the power to levy sanctions in response to abusive litigation practices").  The Court finds the proposed limitation to be both minimally restrictive and necessary to prevent further waste of judicial resources on Petitioner's frivolous and abusive filings.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 7) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice.

Further, Petitioner is **PROHIBITED** from filing any future pro se pleadings in this Court, and the Clerk of Court **SHALL REFUSE** any further pleadings of any nature from Petitioner that are not filed by a licensed attorney authorized to practice in this Court.  The Petitioner is cautioned that efforts to circumvent this restriction will be met with additional sanctions.

Further, because reasonable jurists could not dispute that the petition in this case is barred by previously-imposed sanctions, the Court **DENIES** a certificate of appealability.  Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **12th** day of  **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE